# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4400

_____

Marian M. Meredith

*Plaintiff - Appellant*

v.

David J. Shulkin,[1] Secretary, Department of Veterans Affairs

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 7, 2017
Filed: December 21, 2017
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]David J. Shulkin has been appointed to serve as Secretary of Veterans Affairs, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Marian Meredith appeals the district court's[2] adverse grant of summary judgment in her pro se employment-discrimination action against her employer, the Department of Veterans Affairs (VA). Upon careful de novo review, we conclude that summary judgment was proper. See Gibson v. Am. Greetings Corp., 670 F.3d 844, 852 (8th Cir. 2012) (standard of review). As to her claim that the VA denied her the opportunity to train for a supervisory role, we agree with the district court that, even assuming she stated a prima facie case of race and age discrimination, the evidence reveals no genuine issue of material fact as to whether the VA's proffered reason was a pretext for such discrimination. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 516 (8th Cir. 2011) (to prove pretext under ADEA, plaintiff must show employer's stated reason was false and age was real reason for adverse employment action); Twymon v. Wells Fargo & Co., 462 F.3d 925, 935 (8th Cir. 2006) (to prove pretext under Title VII, plaintiff must both discredit employer's asserted reason for adverse action and show that circumstances permit drawing reasonable inference that real reason was race).

As to the other instances of alleged mistreatment, we conclude that Meredith failed to make a prima facie case of race or age discrimination, or retaliation, because the record does not establish any sufficiently adverse action taken against her. See Gibson, 670 F.3d at 853, 856 (prima facie case of either race discrimination under Title VII, or age discrimination under ADEA, requires adverse employment action); see also Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs., 728 F.3d 800, 805 (8th Cir. 2013) (plaintiff failed to establish prima facie case of discrimination or retaliation because she did not show adverse employment action, as she suffered no termination, cut in pay or benefits, or changed job duties; additions to personnel file were not materially adverse employment action because no adverse action was taken as result of longer personnel file); Stewart v. Indep. Sch. Dist. No. 196, 481 F.3d 1034,

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

1042-43 (8th Cir. 2007) (where there is no direct evidence of retaliatory motive, retaliation claims under Title VII and ADEA are analyzed under same framework).

Finally, we conclude that Meredith failed to state an actionable hostile-work-environment claim. See Jackman, 728 F.3d at 805-06 (hostile-work-environment claim requires showing of causal nexus between harassment and protected-group status); Hill v. St. Louis Univ., 123 F.3d 1114, 1120 (8th Cir. 1997) (ADEA and Title VII do not prohibit employment decisions based on, inter alia, erroneous evaluations or personal conflicts between employees).

Accordingly, we affirm the judgment. See 8th Cir. R. 47B.

_____